UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GIDEON YODER, ET AL                CIVIL ACTION NO. 11-cv-0642

VERSUS                             JUDGE HICKS

TAUREN EXPLORATION, INC., ET AL    MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

**Background**

This suit was filed in state court by four families seeking a declaration that certain oil and gas leases have expired. Each family has a different lease with Tauren,[1] although they cumulated their actions for convenience pursuant to La. C.C.P. art. 463. The amount of acreage under lease in relation to each family is as follows:

| | |
|---|---|
| Yoder | 1.53 acres |
| Dugan | 2.28 acres |
| Stuckmeyer | 1.99 acres |
| Rolland | 2.80 acres |

Plaintiffs stipulated in their state court petition that no individual petitioner's cause of action exceeds $50,000 exclusive of interest and costs. Petition, para. 50.

---

[1] EXCO's brief states that partial interests in the leases were transferred to Cubic Energy and EXCO, and that EXCO later acquired all of Tauren's interests below the Cotton Valley formation.

EXCO removed the case to this court based on diversity of citizenship. Doc. 1. The notice of removal alleges that the value of the *total* leased mineral acreage and the income therefrom to EXCO, including current and projected production and reserves, amounts to more than $75,000.

Before the court is Plaintiffs' Motion to Remand. Doc. 5. Plaintiffs argue that Plaintiffs' claims cannot be aggregated for the purpose of meeting the amount in controversy requirement. Plaintiffs also argue that EXCO has failed to establish that there is in excess of $75,000 in controversy for any of the four leases in question. For the reasons that follow, the motion is granted.

**The Notice of Removal**

EXCO's Notice of Removal alleges that the value of the leased mineral acreage and the income therefrom to Tauren and EXCO, including current and projected production and reserves, amounts to more that $75,000. Doc. 1, para. 11(e). That approach is incorrect. When a party seeks declaratory relief such as the cancellation of a contract or lease, the amount in controversy is not measured by the mere amount of the potential monetary judgment, but by the judgment's value *to the plaintiff*. Ladner v. Tauren Exploration, 2009 WL 196021 (W.D. La. 2009)(Stagg, J.); Garcia v. Koch Oil, 351 F.3d 636, 640 (5th Cir. 2003); Alfonso v. Hillsborough, 308 F.2d 724, 726-727 (5th Cir. 1962); AAA Abachman v. Stanley Steemer, 268 Fed.Appx. 864, 866 (11th Cir. 2008); Usery v. Anadarko Petroleum, 606 F.3d 1017, 1018-1019 (8th Cir. 2010).

EXCO's Notice of Removal also speaks of the property at issue as if it were a single 8.6 acre tract. That approach is also incorrect. Although the four families joined together in one lawsuit, it is clear that each family's claim is based on a separate lease. Because their claims are separate and distinct, at least one family's claim must meet the jurisdictional minimum to remain in federal court. Allen v. R&H Oil & Gas, 63 F.3d 1326, 1330 (5th Cir. 1995)(explaining when aggregation of claims is allowed); Derouselle v. Wal-Mart, 934 F.Supp. 214, 217 (W.D. 1996); Randolph v. Wyatt, 2010 WL 569753 (W.D. La. 2010). Assuming one family has a claim over which the court has original jurisdiction, the court must then evaluate whether it would be appropriate to exercise supplemental jurisdiction over the other claims.

**Law and Analysis**

EXCO must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. EXCO may make this showing by: (1) demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) setting forth the facts in controversy – in the notice of removal or an affidavit – that support a finding of the requisite amount. Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Only the second method is at issue in this case.

EXCO attempts to meet its burden with the affidavits of Calvin Wallen (President and CEO of Cubic Energy) and John Reeves (reservoir engineer for EXCO). Referring to a spreadsheet (and some handwritten calculations) attached to his affidavit, Mr. Reeves estimates the present value of natural gas reserves for the Haynesville Shale underlying

Plaintiffs' properties at $19,473 per acre. EXCO states that its "development plan" calls for eight wells, which yields a present value of the natural gas reserves of $155,784 per acre ($19,473 x 8 = $155,784).

Plaintiffs already hold a 3/16 royalty interest in their leases. If they are successful in this lawsuit, Plaintiffs will recover the remaining 13/16 royalty interest. According to EXCO, a 13/16 interest equals $126,574.50 per acre.

The court finds that EXCO's valuation arguments are speculative and not supported by competent summary judgment-type evidence. The court cannot determine how EXCO arrived at the $19,473 valuation figure. The spreadsheet attached to Mr. Reeve's affidavit is certainly not self-explanatory.

Mr. Reeves' affidavit states that his calculations are based on an average of $5.64 per mcf, which he describes as a conservative estimate. Contrary to the affidavit, however, EXCO's brief states that the estimate used was $4.00 per mcf. Doc. 10, page 9 of 11. A printout attached to Plaintiffs' brief shows the price of natural gas has hovered at or below $4.00 per mcf for many months.

Mr. Reeves' affidavit claims that EXCO plans to drill a total of 16 wells in the encompassing unit, with eight wells in that unit for each formation. He states that those wells are expected to be drilled and continue producing over the next 45.17 years. Plaintiffs take issue with EXCO's half-century prediction, and they note that the leases at issue were entered into approximately six years ago, yet only one poorly producing well (the Daniels

3-1 well) has been drilled. EXCO submits no evidence that any steps, such as obtaining permits, have been taken to put their drilling plan into place.

EXCO's opposition is also supported by the affidavit of Mr. Wallen. This affidavit was obviously prepared for use in other litigation, and it suffers from several important defects. First, the affidavit is dated December 19, 2008, almost two and a half years ago. Its information is necessarily dated. EXCO does not explain why it could not get an updated affidavit from Mr. Wallen.

Second, the affidavit is based on a natural gas price of $6.00 per mcf, significantly more than the current price. Relying on Mr. Wallen's methodology, EXCO states that the 13/16 leasehold interest at issue – i.e., the amount in dispute – is presently worth somewhere in the range of $174,688 to $1,048,125.

In their motion to remand, Plaintiffs submitted an affidavit of Richard Robertson, a petroleum geologist. Doc. 5-2. Mr. Robertson testifies that the current value of mineral rights in south Caddo Parish (where Plaintiffs' rights are located) ranges between $3,000 to $6,000 per acre. The largest tract at issue is 2.80 acres, which would be valued at between $8,400 and $16,800 under Mr. Robertson's estimate. Mr. Robertson notes that the Daniels 3-1 well has generated post-royalty revenues of only $3,086.54 per month or a mere $4.82 per acre. EXCO's opposition does not address the valuation statements in Mr. Robertson's affidavit.

EXCO also argues that the court should consider Plaintiffs' attorneys fees in evaluating the amount in controversy. In the motion to remand, Plaintiffs attached an

affidavit of their attorney, Todd Benson, who estimates that his attorney's fees will be less than $25,000. Benson testifies that he has already tried an identical case to conclusion in state court, so he does not need any discovery and his trial preparation will be minimal.

Based on the foregoing, EXCO has not met its burden of proving by a preponderance of the evidence that any of the four families' claims are sufficient to meet the jurisdictional requirement. There are serious doubts about EXCO's proposed valuations, and doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000). Furthermore, EXCO's stated drilling plans and related speculation are not sufficient to meet the burden of proving the amount in controversy. Bloom v. Depositary Trust, 136 F.3d 1328 (5th Cir. 1998). Mere assertions that the amount in controversy may, might, or could well exceed $75,000 are insufficient to satisfy the burden of presenting facts that show it is more likely than not that the requisite amount is in controversy. Allen v. R & H Oil & Gas Co., 63 F.3d at 1336.

Accordingly, Plaintiffs' Motion to Remand (Doc. 5) is granted. Subject to the stay set forth in the accompanying order, this case is hereby remanded to the First Judicial District Court, Caddo Parish, Lousiana. Plaintiffs' request for an award of costs and fees is denied.

Shreveport, Louisiana, this 20th day of September, 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE